November 22, 2015

49,474 - 05

Abel Acosta, Clerk

Court of Criminal Appeals
P.O. Box 12308
Capitoal Station
Austin, Texas 78711

Valentin Moreno, Jr.
788216, Robertson Unit
12071 FM 3522
Abilene, Texas 79601

Re: Writ No. 49,474-05; Ex parte Valentin Moreno, Jr.

Dear Mr. Acosta:

Enclosed you will find Applicant's Amendments To Application For Writ Of Habeas Corpus with Appendix - A. All to be filed in the above mentioned cause and brought to the attention of the Court, as time permits.

Also enclosed, is a self-addressed envelope with postage pre-paid. Can you please send me a stampted filed copy of this cover letter, for my records.

May you and your staff have a Blessed Thanksgiving. Thank you for your time, attention and assistance.

Respectfully,

Valentin Moreno Jr.

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 30 2015

Abel Acosta, Clerk

cc:file

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

Ex parte                              §

Valentin Moreno, Jr.                  §           Writ No. 49,474-05

Applicant                             §


## APPLICANT'S AMENDMENTS TO
## APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Valentin Moreno, Jr., Applicant, Pro Se in the above referenced case and respectfully files, Applicant's Amendments To Application For Writ of Habeas Corpus. In support thereof, Applicant would present the following:

## I.
## JURISDICTION

This most Honorable Court poses exclusive habeas corpus jurisdiction over the parties and subject-matter, herein, pursuant to Chapter 11 in the Texas Code of Criminal Procedure Ann. (Vernon 2015).

## II.
## STATEMENT OF CURRENT FACTS

1. Applicant filed a successive writ of habeas corpus application, on June 15, 2015. Challenging a jury's verdict of guilty for Capital Murder.
2. The Attorney representing the State, filed the State's Original Response and Answer, on July 8, 2015.
3. The Trial Court adopted the State's proposed Findings of Fact, Conclusions of Law, Recommendation and Order, on July 20, 2015.
4. Applicant's successive application, was presented to this Honorable Court, on September 22, 2015.
5. Applicant filed, Applicant's Motion For Leave And To Stop Writ of Habeas Corpus Review. This Honorable Court granted said motion, on November 5, 2015, granting Applicant (30) days to amend his application.

Page 1.

## III.
## AMENDMENTS

Attached hereto, is an actual application for writ of habeas corpus form, with Applicant's Ammendments. Applicant reasserts all claims asserted within the original application.

Applicant has amended Ground Number One (A) and (C), and added Ground Number Five. Pursuant to what is already argued in Ground Number One (A), Applicant has added, a claim that he has presented credible scientific evidence, that contradicts the scientific evidence relied on by the State at his trial. Said claim, submitted under the provisions set forth by new Article 11.073(a)(2) of the Texas Code of Criminal Procedure. [See; Appendix - A, attached hereto.]

Additionally, Pursuant to Ground Number One (C), Applicant has added a claim, alleging the prosecution team influenced and tainted witness Yvonne Gonzales' in-court-identification of the applicant, with prejudicially suggestive feedback and post event information.

Finally, Applicant has added Ground Number Five, submitting an independant claim under Article 11.073 of the Texas Code of Criminal Procedure. Therein, the Applicant alleges, that he has presented credible scientific evidence, that "contradicts the scientific evidence relied on by the State at his trial".

## IV.

Based on these amendments, Applicant respectfully requests for an evidentiary hearing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully prays that this honorable Court grant, any and all relief deemed proper and just.

Signed on this _22nd_ day of _November_, 2015.

Respectfully Submitted,

_Valentin Moreno_

Valentin Moreno, Jr., 788216
Applicant - Pro Se
Robertson Unit
12071 FM 3522
Abilene, Texas 79601

Page 2.

## VERIFICATION

I, Valentin Moreno, Jr., hereby verify, that the contents and statements made herein are true and correct, and offered in good faith, and made under the penalty of perjury.

Signed on this 22nd day of November, 2015

_Valentin Moreno Jr_
Valentin Moreno, Jr.
Applicant - Pro Se

## CERTIFICATE OF SERVICE

I, Valentin Moreno, Jr., hereby certify, that the original copy of Applicant's Amendments To Application For Writ Of Habeas Corpus with Appendix, was sent by U.S. certified mail, to the Clerk of the Court of Criminal Appeals. Additionally, notice of said filing, was sent to the attorney representing the State, via 1st Class U.S. mail.

Done on this 22nd day of November, 2015.

_Valentin Moreno Jr_
Valentin Moreno, Jr.

Page 3.

# A P P E N D I X – A

[Appendix – A, Is An Application Form
For A Writ Of Habeas Corpus, Applicant's
Amendments To His Application Are Found
Therein.]

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: ___Valentin Moreno, Jr.___

DATE OF BIRTH: ___July 19, 1976___

PLACE OF CONFINEMENT: ___French M. Robertson Unit___

TDCJ-CID NUMBER: ___788216___  SID NUMBER: _____

(1)  This application concerns (check all that apply):

    ☒  a conviction       ☐  parole

    ☐  a sentence       ☐  mandatory supervision

    ☐  time credit       ☐  out-of-time appeal or petition for discretionary review

(2)  **What district court entered the judgment of the conviction you want relief from?** (Include the court number and county.)

    332nd District Court, County of Hidalgo

(3)  **What was the case number in the trial court?**

    CR-0517-96-F

(4)  **What was the name of the trial judge?**

    Mario E. Ramirez, Jr.

Rev. 01/14/14

**(5)** Were you represented by counsel? If yes, provide the attorney's name:

Ricard B. Gould and Norman E. McInnis

**(6)** What was the date that the judgment was entered?

March 3, 1996

**(7)** For what offense were you convicted and what was the sentence?

Capital Murder - Capital Life Sentence

**(8)** If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

**(9)** What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

**(10)** What kind of trial did you have?

☐ no jury                  ☒ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

**(11)** Did you testify at trial? If yes, at what phase of the trial did you testify?

No.

**(12)** Did you appeal from the judgment of conviction?

☒ yes           ☐ no

If you did appeal, answer the following questions:

**(A)** What court of appeals did you appeal to?   13TH Court of Appeals

**(B)** What was the case number?   13-97-00335-CR

**(C)** Were you represented by counsel on appeal? If yes, provide the attorney's name:

Mark Alexander

**(D)** What was the decision and the date of the decision?   Affirmed

**(13)** Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes           ☐ no

If you did file a petition for discretionary review, answer the following questions:

**(A)** What was the case number?   N/A

**(B)** What was the decision and the date of the decision?   refused

**(14)** Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes           ☐ no

If you answered yes, answer the following questions:

**(A)** What was the Court of Criminal Appeals' writ number?   WR-49,474-02

3

Rev. 01/14/14

**(B)** What was the decision and the date of the decision?   Dismissed

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

Note: The foregoing application, is only an amended version of an

application already before this Court. On 11/05/15, this Court

granted (30) days to amend the application.

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☒ yes                              ☐ no

If you answered yes, please provide the name of the court and the case number:

As stated above, there is currently an application before this Court.

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                              ☐ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim?   _____

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

_____

_____

_____

_____

_____

_____

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

**GROUND ONE:** APPLICANT IS INNOCENT AND HIS CONVICTION IS THE RESULT OF PROSECUTORIAL MISCONDUCT: VIOLATING THE 5TH AMENDMENT AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

**FACTS SUPPORTING GROUND ONE:**
(**A**) ADDITIONALLY, APPLICANT CONTENDS, THAT HE HAS PRESENTED CREDIBLE

SCIENTIFIC EVIDENCE, THAT "CONTRADICTS THE SCIENTIFIC EVIDENCE RELIED ON

BY THE STATE AT HIS TRIAL". THUS, INVOKING ARTICLE 11.073(a)(2) of THE

TEXAS CODE OF CRIMINAL PROCEDURE.

(**C**) ADDITIONALLY, APPLICANT CONTENDS, THE STATE TAINTED WITNESS YVONNE

GONZALES' IN-COURT-IDENTIFICATION. SPECIFICALLY, DETECTIVES EXPOSING

GONZALES TO PREJUDICIALLY SUGGESTIVE POST EVENT INFORMATION: DETECTIVES

TELLING GONZALES THAT APPLICANT WAS A GANG MEMBER. [1]

IN 2014, GONZALES REVEALED BY WAY OF AFFIDAVIT, THAT DETECTIVES TOLD HER,

THAT "ALL GANG MEMBER WERE CRIMINALS, APPLICANT WAS A KNOWN GANG MEMBER :

AND THAT THEY WANTED ALL MEMBERS OF THIS GANG LOCKED UP."

THIS IS SIGNIFICANT, BECAUSE IN HER STATEMENT, GIVEN TWO DAYS AFTER THE

CRIME. GONZALES IDENTIFIED THREE OF THE PERPETRATORS, AS TCB GANG MEMBERS.

6

Rev. 01/14/14

NOW, ACCORDING TO GONZALES' TESTIMONY, SHE DID NOT KNOW THE APPLICANT.

DETECTIVES TELLING GONZALES THAT APPLICANT WAS A KNOWN GANG MEMBER, WAS

SEVERELY PREJUDICIAL. ACCORDING TO DR. JAMES ALDRIDGE AND ELIZABETH F.

LOFTUS, "SUGGESTIVE POST EVENT INFORMATION CAN INFLUENCE A WITNESS' MEMORY".

EVEN SEEMINGLY TRIVIAL INFORMATION AFTER AN EVENT COULD CAUSE LARGE

DISTORTIONS IN THE MEMORY. [2] & [3]

APPLICANT CONTENDS, DETECTIVES TELLING GONZALES THAT HE WAS A KNOWN GANG

MEMBER, WAS PREJUDICIALLY SUGGESTIVE POST EVENT INFORMATION. ESPECIALLY,

PLANTING THE SEED, THAT APPLICANT WAS A TCB MEMBER. THAT IN ITSELF, WAS

SEVERELY PREJUDICIAL, GIVEN THAT GONZALES HAD IDENTIFIED THREE OF THE

PERPETRATORS AS MEMBERS OF TCB.

THE CLAIMS ASSERTED UNDER GROUND NUMBER ONE, ARE SUBMITTED AND CORROBORATED

WITH THE NEWLY DISCOVERED AND NEWLY OBTAINED SCIENTIFIC RELATED EVIDENCE,

CITED THEREIN. (FOOTNOTE: THE ASSERTIONS MADE HEREIN, ARE SUPPORTED BY EXHIBITS SUBMITTED

WITH APPLICATION No. 49,474-05. [1] See; Exhibit A.16, [2] See; Exhibit E,
[3] See; Exhibit L. ALL FOUND WITHIN THE APPENDIX, THEREIN.) ALL CLAIMS WITHIN
APPLICATION NO. 49,474-05, ARE REASSERTED HEREIN.

Rev. 01/14/14

## GROUND TWO:

APPLICANT REASSERTS HIS CLAIMS ASSERTED WITHIN ORIGINAL APPLICATION NO.

49,474-05.

## FACTS SUPPORTING GROUND TWO:

APPLICANT'S CLAIMS ASSERTED WITHIN THE ORIGINAL APPLICATION, ARE BASED

ON THE NEWLY DISCOVERED AND NEWLY OBTAINED EVIDENCE PRESENTED, THEREIN.

8

Rev. 01/14/14



9

Rev. 01/14/14

## GROUND THREE:

APPLICANT REASSERTS HIS CLAIMS ASSERTED WITHIN ORIGINAL APPLICATION NO.

49,474-05

## FACTS SUPPORTING GROUND THREE:

HEREIN, APPLICANT WOULD ADD THE AMENDMENTS SUBMITTED WITHIN THIS PLEADING.

10

Rev. 01/14/14



11

Rev. 01/14/14

**GROUND FOUR:**

APPLICANT REASSERTS HIS CLAIMS ASSERTED WITHIN ORIGINAL APPLICATION NO.

49,474-05

**FACTS SUPPORTING GROUND FOUR:**

HEREIN, APPLICANT WOULD ADD THE AMENDMENTS SUBMITTED WITHIN THIS PLEADING.

12.

Rev. 01/14/14

Rev. 01/14/14

## GROUND: FIVE

APPLICANT IS INNOCENT AND THIS CONVICTION IS THE RESULT OF CONSTITUTIONAL

VIOLATIONS: APPLICANT INVOKES A CLAIM UNDER THE PROVISIONS IN ARTICLE 11.073

TEXAS CODE OF CRIMINAL PROCEDURE

## FACTS SUPPORTING GROUND:
THE ESSENCE OF THE FOREGOING CLAIMS, ARE

SUBMITTED UNDER ARTICLE 11.073. (A) THE STATE ELICITED, PRESENTED AND RELIED

ON THE SCIENTIFIC TESTIMONY OF DR. A.J. ALAMIA, SPECIFICALLY, THAT "THE HUMAN

MEMORY FUNCTIONS LIKE A CAMERA IN TRAUMATIC EVENTS; 'TAKING SNAPSHOTS THAT

STAY INGRAINED IN THE MEMORY'." PURSUANT TO ARTICLE 11.073, APPLICANT CONTENDS

THE FOLLOWING SCIENTIFIC EVIDENCE, "CONTRADICTS THE SCIENTIFIC EVIDENCE THE

STATE RELIED ON AT HIS TRIAL".

FIRST, ACCORDING TO THE INNOCENCE PROJECT, "THE BIGGEST LIE OF THE HUMAN

MEMORY IS THAT IT FEELS TRUE. ALTHOUGH OUR RECOLLECTION SEEM LIKE LITERAL

SNAPSHOTS OF THE PAST, THEY'RE ACTUALLY DEEPLY FLAWED RECONSTRUCTIONS, A SET

OF STORIES CONSTANTLY UNDERGOING REWRITES." [1] Second, ALSO ACCORDING TO THE

INNOCENCE PROJECT, IN 75 PERCENT OF DNA EXONERATION CASES, THE PRINCIPLE CAUSE

FOR THE ERRONEOUS GUILTY VERDICT, WAS 'MISTAKEN EYEWITNESS  IDENTIFICATIONS'.

ALMOST ALL THOSE CASES, INVOLVED A TRAUMATIC CRIME (EVENT). [2] Third, ACCORDING

TO NEUROSCIENCE PROFESSOR DR. JULIAN P. KEENAN, "IT IS NOW WIDELY ACCEPTED

THAT OUR MEMORIES, THOUGHTS, EXPEIRENCES AND FACTS ARE NOT SNAPSHOTS OF THE

PAST IN WHICH EVERY DETAIL IS PERSERVED". [3] Fourth, ACCORDING TO PIONEER

PSYCOLOGISTS IN THIS PARTICULAR AREA OF SCIENCE: DR. DANIEL L. SCHACTER AND

ELIZABETH F. LOFTUS. THE HUMAN MEMORY DOES NOT FUNCTION LIKE A VIDEO RECORDER

AND/OR CAMERA. [4] Fifth, PSYCHOLOGY PROFESSOR DR. JAMES ALDRIDGE, HAS TAUGHT

ADVANCE COURSES ON THE HUMAN MEMORY FOR THE LAST THIRTY YEARS. ACCORDING TO

DR. ALDRIDGE, "THE HUMAN MEMORY DOES NOT FUNCTION LIKE A CAMERA IN TRAUMATIC

EVENTS". ADDITIONALLY, DR. ALDRIDGE REVIEWED THE SCIENTIFIC TESTIMONY GIVEN

AT APPLICANT'S TRIAL BY DR. A.J. ALAMIA, CONCLUDING, THE SCIENTIFIC TESTIMONY

WAS MISLEADING AND INCORRECT. [5] Sixth, THE NEW JERSEY SUPREME COURT, IN

14

STATE V. HENDERSON, 208 N.J. 208, REVIEWED ALOT OF RESEACH ON THIS SUBJECT AND THE TESTIMONIES OF NUMEROUS EXPERTS IN THESE RELATED FEILDS OF SCIENCE. CONCLUDING, THAT THE HUMAN MEMORY DOES NOT WORK LIKE A RECORDER/CAMERA. [6] BASED ON THE SCIENTIFIC RELATED EVIDENCE PRESENTED HEREIN, APPLICANT CONTENDS, THAT HE HAS MET THE PROVISIONS SET FORTH BY ARTICLE 11.073(a)(2), respectedlly.

(B) THE STATE TAINTED THEIR CASE AND THE TRIAL, BY ELICITING DR. A.J. ALAMIA'S SCIENTIFIC TESTIMONY, THEN USING THAT SCIENTIFIC TESTIMONY TO BOLSTER THE TESTIMONIES OF THE STATE'S KEY WITNESSES DURING THE STATE'S CLOSING ARGUMENTS.

THE STATE ELICITED AND PRESENTED TO THE JURY, DR. A.J. ALAMIA'S SCIENTIFIC WHICH CONVEYED TO THE JURY, THAT IN TRAUMATIC EVENTS THE HUMAN MEMORY WORKS LIKE A CAMERA: TAKING SNAPSHOTS. [7] IN THEIR CLOSING ARGUMENTS, TO BOLSTER AND SUBSTANTIATE THE TESTIMONIES/IDENTIFICATIONS GIVEN BY THEIR KEY WITNESSES, THE STATE EMPHASIZED AND HIGHLIGHTED DR. ALAMIA'S SCEINTFIC TESTIMONY. [8].

(FOOTNOTE: The assertions made herein, are supported by exhibites submitted with the application for writ of habeas corpus, filed June 15, 2015, and found within the Appendix, therein. [1] See; Exhibit A, [2] See; Exhibit M, [3] See; Exhibit F, [4] See; Exhibit B, [5] See; Exhibit E, [6] See; Exhibit A.1, [7] See; Exhibit D, [8] See; Exhibit G)

15

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF ___Jones___

___Valentin Moreno Jr.___, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____Valentin Moreno Jr._____
Signature of (Applicant)/ Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _22nd_ DAY OF _November_, 20 _15_.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, *Valentin Moreno Jr.*____, am the applicant / petitioner (circle one) and being presently incarcerated in *Robertson Unit*____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on *November 22*, 20*15*

*Valentin Moreno Jr.*____
Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _Valentin Moreno Jr_

Address: _788216, Robertson Unit_

_12071 FM. 3522_

_Abilene, Texas 79601_

Telephone: _____

Fax: _____


Signed on _November 22_, 20 _15_.

_Valentin Moreno Jr_
Signature of Petitioner

18

Rev. 01/14/14